DELL, Judge.
Perpro Systems International, Inc. appeals from a nonfinal order denying its motion to quash service of process contending that ap-pellees made an insufficient showing to sustain service of process by publication on a nonresident corporate defendant. We agree.
Appellees filed suit and sought to serve appellant, a foreign corporation, with service of process. The process server made six unsuccessful attempts to serve the corporation through its resident agent. Thereafter, appellees’ counsel prepared an affidavit for constructive service which stated that he had personal knowledge of the following:
2. Plaintiff has made diligent search and inquiry to discover the address of ROBERT SHAPIRO as Registered Agent of Defendant, PERPRO SYSTEMS INTERNATIONAL, INC., and that same is set forth in this Affidavit as particularly as is known to the Affiant.
3. The address is known to be_
4. ROBERT SHAPIRO as Registered Agent of Defendant, PERPRO SYSTEMS INTERNATIONAL, INC., is concealing himself so that process cannot be personally served upon him, and that Affiant believes that there is no other person in the State of Florida upon whom service of process would bind the said Defendant.
5. Defendant, PERPRO SYSTEMS INTERNATIONAL, INC. is an overseas corporation doing business in the State of Florida.
After receiving notice of service from the clerk’s office, appellant responded by filing a motion to quash service of process. Appellant challenged the sufficiency of appellees’ affidavit of diligent search and inquiry and asserted that it did not comply with section 49.051, Florida Statutes (1993) and as such was insufficient to support service of process by publication.
Section 49.051 contains explicit directions for service of process by publication against a *320 corporation. The statute states that the plaintiff shall show:
(1) That diligent search and inquiry have been made to discover the true name, domicile, principal place of business and status (that is, whether foreign, domestic or dissolved) of the corporate defendant, and that the same is set forth in said sworn statement as particularly as is known to the affiant, and that diligent search and inquiry have also been made, to discover the names and whereabouts of all persons upon whom the service of process would bind the said corporation and that the same is specified as particularly as is known to the affiant; and
(2) Whether or not the corporation has ever qualified to do business in this state, unless shown to be a Florida corporation; and
(3) That all officers, directors, general managers, cashiers, resident agents and business agents of the corporation, either:
(a) Are absent from the state; or
(b) Cannot be found within the state; or
(c) Conceal themselves so that process cannot be served upon them so as to bind the said corporation; or
(d) That their whereabouts are unknown to the affiant; or
(e) That said officers, directors, general managers, cashiers, resident agents and business agents of the corporation are unknown to affiant.
We hold that appellees’ affidavit for constructive service does not satisfy the mandatory requirements of section 49.051. The affidavit does not establish that appellees made a diligent search and inquiry to determine whether any of the persons qualified by section 49.051 were available in Florida for service of process. Also, the statement that “Affiant believes that there is no other person in the State of Florida upon whom service of process would bind the said Defendant” provides no basis to conclude that none of the alternative classes of persons designated for service of process can be found within this state or that they are concealing themselves. See Coin Copies, Inc. v. Financial Federal Savings and Loan Ass’n, 439 So.2d 338 (Fla. 3d DCA 1983).
Accordingly, we reverse the trial court’s order denying appellant’s motion to quash service of process.
REVERSED.
KLEIN and PARIENTE, JJ., concur.